## ROSE HUMPHRIES v. THE STATE.

No. 2954.   Decided January 21, 1914.

**1.—Carrying Pistol—Attorney and Client—Practice.**

In the absence of a motion to continue the case until defendant could get ready, or two days claimed in which to prepare for trial, a complaint in the motion for new trial that the attorney who represented defendant was employed only a few minutes before the trial comes too late.

**2.—Same—Statement of Facts—Bill of Exceptions.**

Where the bill of exceptions is not properly verified, the same can not be considered, and in the absence of a statement of facts, it must be presumed that the evidence was sufficient to sustain the conviction.

Appeal from the County Court of Wichita.   Tried below before the Hon. C. B. Felder.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for carrying a pistol, her punishment being assessed at a fine of $100.

The record contains neither a statement of facts nor bills of exception. The motion for new trial alleges that the attorney who represented her during the trial was employed only a few minutes before the State had announced ready; in other words, by reason of this she went into trial unprepared. There was no motion made to continue the case until defendant could get ready, or two days claimed in which to prepare for trial, if she was entitled to it. This complaint comes only in the motion for new trial. This is too late. The second ground of the motion is that the court committed error calculated to injure the rights of defendant, by permitting the State's attorney to prove by the defendant's witness, Kid Humphries, that he had been indicted for bank robbery and other offenses. This is simply made a ground of the motion for new trial, and is not verified by bill of exceptions. The other ground relates to the sufficiency of the testimony. That is not in the

record. In the absence of the facts the presumption obtains that the verdict of the jury is correct.

The judgment is affirmed.

*Affirmed.*